UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ITALO CAMPUZANO and MERCY ENCALADA (his wife), | Civ. No. 13-7652 (KM)(MAH) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |
| STANLEY BLACK & DECKER, et al. | |
| Defendants. | |

    **THIS MATTER** having been opened to the Court by Plaintiffs, Italo Campuzano and Mercy Encalada, through their counsel Clark Law Firm, on a Motion to Remand this case, which was removed from state court [ECF No. 4]; and Defendant Stanley Fastening Systems, LP, through its counsel LeClair Ryan, having submitted papers in opposition to the motion [ECF No. 8]; and Magistrate Judge Michael A. Hammer having filed a Report and Recommendation [ECF No. 9] on March 19, 2014; and Defendant having filed a timely objection to the Report and Recommendation [ECF No. 10]; and

    **IT APPEARING THAT:**

    (1) In the First Count of the Complaint [ECF No. 1 at ¶2], Plaintiffs allege that Italo Compuzano "was working for a company called PBI Construction & Contractors, performing certain construction and/or construction related activities related to carpentry. In connection with this work, as a result of the negligence, gross negligence, intentional wrong and/or substantial certainty o[f] harm as described herein of <u>defendants named herein</u>, plaintiff, ITALO CAMPUZANO, was struck in the leg while using a nail gun performing his work activities causing him severe, debilitating and permanent injuries." (Underlining added.)

    (2) In the First Count of Complaint, "Plaintiff(s) demand(s) judgment against <u>all defendants</u>, joint and/or severally for compensatory damages in an amount to be determined at trial; punitive damages; attorneys' fees and costs and for such other relief as the Court deems appropriate." (Underlining added.).

(3) On December 18, 2013, Defendant Stanley Fastening Systems, LP (hereinafter "Stanley LP") filed a notice of removal of the complaint from the Superior Court of New Jersey, Law Division, Essex County, to this Court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). [ECF No. 1].

(4) On January 17, 2014, Plaintiffs filed a motion to remand this action to the Superior Court of New Jersey, Law Division, Essex County. [ECF No. 4]. The motion asserts that complete diversity of citizenship is lacking because of the presence of defendants PBI Construction, Inc., PBI Construction, and PBI (collectively, "PBI"), which are citizens of New Jersey.

(5) Stanley LP argued in opposition that the PBI defendants "are nominal or fraudulently joined defendants, whose inclusion in Plaintiffs' Complaint does not defeat diversity jurisdiction." (Br. Opp. Mot. Remand [ECF No. 8] at 2).

(6) Magistrate Judge Michael A. Hammer's Report and Recommendation ("R&R") concluded that the motion to remand should be granted because complete diversity is lacking, and this Court therefore lacks subject matter jurisdiction over the case. *See* 28 U.S.C. § 1332(a). The R&R finds that Stanley LP failed to establish that Plaintiffs "fraudulently joined" PBI for the purpose of defeating diversity jurisdiction.

(7) Judge Hammer noted that the Complaint alleged that each and every named defendant's negligence, gross negligence, intentional acts, and/or knowledge of the substantial certainty of harm caused Campuzano's injury, and that Plaintiff sought damages from each and every named defendant, including PBI. He therefore rejected Stanley LP's assertion that PBI was joined for the sole purpose of obtaining discovery.

(8) Judge Hammer considered and rejected Stanley LP's argument that the New Jersey Workers Compensation Act bars any potential lawsuit against PBI, inasmuch as its exclusive-remedy provision does not apply to an employer's alleged intentional acts. *See* N.J.S.A. § 34:15-8; *Laidlow v. Hariton Machinery Co.*, 170 N.J. 602, 616-617.

(9) Accordingly, Judge Hammer determined that the Complaint alleged colorable grounds for recovery against PBI, a non-diverse defendant, which the state court may well determine to be viable. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-852 (3d Cir. 1992); *Jatczyszyn v. Marcal Paper Mills, Inc.*, 2008 U.S. Dist. LEXIS 114851, *4-7 (D.N.J. Aug. 21, 2008)(Salas, M.J.)(citing *Batoff*). Judge Hammer's R&R therefore proposes that this Court remand the action to state court, since both Plaintiffs and PBI are citizens of New Jersey.

(10) Stanley LP timely objected to the R&R within fourteen days of its filing and service. *See* Fed. R. Civ. P. 72(b). It argues that the First Count of the Complaint is limited to a products liability claim, and that Judge Hammer misconstrued paragraph 2 therein. It also argues that the Second Count actually "alleges that [PBI is] not liable to Mr. Campuzano due to the New Jersey Workers' Compensation Act" and "make[s] clear…that they are not seeking relief from PBI." Finally, Stanley LP argues that "Plaintiffs never make the argument that is the entire premise of the Report." (*See* Response in Opp. [ECF No. 10] at 2-5).

(11) Because the R&R is primarily an application of law to the face of the complaint, this Court will reviews it *de novo,* pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see generally U.S. v. Raddatz*, 447 U.S. 667, 680 (1980) (stating that the district court judge has broad discretion in accepting or rejecting the magistrate's recommendation).

(12) Having completed my own review, I am in complete agreement with the thorough and well-reasoned Report and Recommendation filed by Magistrate Judge Hammer. I accept his conclusions and adopt his recommendation.

(13) Like Judge Hammer, I find that Count One of the Complaint alleges that PBI (as well as others) intentionally, or with knowledge of substantial certainty of harm, caused harm to Campuzano in connection with his employment, wherein he used an allegedly dangerous product. (Complaint at ¶ 2). I agree that a lawsuit

predicated on such a claim is not barred by the New Jersey Workers' Compensation Act, because that statute's exclusive-remedy provision does not apply to claims of intentional harm. N.J.S.A. § 34:15-8.

(14) Like Judge Hammer, I reject the contention that Plaintiffs have joined PBI solely for the purpose of obtaining discovery. The complaint alleges negligent or intentional wrongdoing against PBI (among others) and seeks damages from PBI (among others). (Complaint at First Count). Further, the Second Count does *not*, as Stanley LP argues, disavow any claims against PBI. Rather, it addresses an alternative scenario under which PBI "may" be found to be protected from suit, and simply alleges that, *if* that occurs, Plaintiffs will nevertheless seek discovery from PBI. (*Id.* at Second Count ¶ 2). The Second Count in no way states, implies, or concedes that PBI is not liable.

(15) Magistrate Judge Hammer correctly and thoroughly scrutinized the Complaint as written in addressing arguments raised by Stanley LP. Even if true, it would not be significant that the Plaintiffs inadequately fleshed out their arguments that joinder of PBI was not "fraudulent" or that the claims against PBI were not barred under the Workers' Compensation Act. Plaintiffs' moving papers properly identified lack of complete diversity of citizenship as the basis for remand. (Br. Supp. Mot. to Remand. [ECF No. 4-3] at 3). It was Stanley LP that subsequently raised the issue of fraudulent joinder. (*See* Br. Opp. Mot. to Remand at 2 *et seq.*). Judge Hammer duly addressed that issue, having been so raised, by considering aspects of the Complaint and the law, whether or not set forth by Plaintiffs. He properly did so in order to ensure that his R&R was in compliance with the law, and in furtherance of a federal court's duty to examine its own subject matter jurisdiction, *sua sponte* if necessary. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) (overruled on other grounds by *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546 (2005)).

(16) In sum, I agree with the R&R's conclusion that the Complaint sets forth a colorable claim against PBI, a non-diverse party, that the state court may determine to be viable. Accordingly, the PBI Defendants were not "fraudulently" joined, *see Batoff*, 977 F.2d at 851-852; that there is no complete diversity of citizenship among the parties; and that this Court therefore lacks subject matter jurisdiction over this

4

action. 28 U.S.C. § 1332(a).

Accordingly, having considered all of the foregoing and the other documents in the record, pursuant to Federal Rule of Civil Procedure 78, and for good cause appearing,

**IT IS** this 11th day of April, 2014,

**ORDERED** that Magistrate Judge Hammer's Report and Recommendation is adopted in full and Plaintiffs' Motion for Remand is **GRANTED**; and it is further

**ORDERED** that the case be **REMANDED** to the Superior Court of New Jersey, Law Division, Essex Vicinage; and it is further

**ORDERED** that the Clerk **CLOSE** the file.

_____
HON. KEVIN MCNULTY
United States District Judge